# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
# OF HINDS COUNTY, MISSISSIPPI

**ANGELICA LOVE**                                                                                       **PLAINTIFF**

VS.                                                                         CIVIL ACTION NO.: 21-317

**NARDONE BROTHERS TRUCKING**
**COMPANY; CARMEN J. SABASINO,**
**INDIVIDUALLY, AND JOHN DOES 1-5**                                       **DEFENDANTS**

## COMPLAINT
### Trial by Jury Requested

COMES NOW the Plaintiff, Angelica Love, and files this her Complaint against the Defendants, Nardone Brothers Trucking Company; Carmen J. Sabasino, Individually; and John Does 1-5 and in support thereof, would respectfully show unto the Court the following facts, to-wit:

## PARTIES

1. The Plaintiff, Angelica Love, is an adult resident citizen of Hinds County, Mississippi.

2. Defendant, Nardone Brothers Trucking Company (hereinafter "Nardone Brothers Trucking"), is a foreign corporation believed to be organized and existing under the laws of the State of Pennsylvania which is licensed to do business in the State of Pennsylvania with its principal office located at 420 New Commerce Blvd., Hanover Township, Pennsylvania 18706. Defendant may be served process through its registered Agent for Service of Process, Vincent Nardone located at 123 Hazle Street, Wilkes Barre, Pennsylvania 18702 or 420 New Commerce Blvd., Hanover Township, Pennsylvania 18706.

3. Defendant, Carmen J. Sabasino (hereinafter "Sabasino"), is an adult resident citizen of Luzerne and Philadelphia County, Pennsylvania. Process may be served in this cause on the

1

Exhibit "A"

Defendant by serving him personally or via certified mail at his residence located at 3 Prince Street, Nanticoke, Pennsylvania 18634 or his other residence located at 2621 South 10th Street, Philadelphia, Pennsylvania 199148 or at his place of business at 420 New Commerce Blvd., Hanover Township, Pennsylvania 18706.

4. John Does 1-5 are entities and/or individuals, including but not limited to, employees, agents, owners and operators, licensors, purchasers, cargo brokers, cargo shippers, cargo owners, cargo receivers, cargo securers, tractor or trailer owner(s), persons who loaded the cargo, persons responsible for the transportation of the load or trailer contents, manufacturer of the tractor or trailer, supplier of the equipment or tires, persons or entities responsible for inspecting and securing any cargo, quality control, and other persons or entities involved in the event.

## JURISDICTION AND VENUE

5. This Court has *in personam* jurisdiction over Defendant because the negligent acts and omissions of Defendant was committed in whole or in part in the State of Mississippi against a resident of the State of Mississippi.

6. Venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. §11-11-3 since the alleged acts of negligence occurred in Hinds County.

## FACTS

7. On or about April 3, 2019, the Plaintiff was driving and operating her vehicle in a lawful, careful, and prudent manner, and traveling in an easterly direction sitting stopped and waiting to merg onto I-20 East bound from Gallitan Street. Plaintiff's lane of traffic had stopped and Plaintiff's vehicle was not moving. Defendant, Carmen Sabasino, who was driving a vehicle owned by Nardone Brothers Trucking Company and while doing business as Nardone Brother Trucking Company, was traveling in the same direction and attempted to move over into

Plaintiff's lane causing the right front side of his truck to hit the left driver's side of Plaintiff's vehicle. Defendant failed to yield and left his lane of travel and attempted to enter the Plaintiff's lane of travel when it was not safe to do so.

8. That as a direct and proximate result of the careless, reckless, and negligent acts of the Defendant Sabasino the Plaintiff was caused to be thrown about in her vehicle and was caused to suffer injuries to her person. The Plaintiff would show that she suffered injuries and damages to her back, neck, left hip, shoulder and leg.

9. Plaintiff would show that she has had to be treated by doctors and other medical providers and has been caused to suffer great pain, severe shock and intense mental anguish and will suffer more of the same in the future as a result of the injuries she sustained in this accident. The Defendant's negligence has directly caused the plaintiff to have already incurred hospital, surgical, medical and drug expenses, loss of wages, and property damage and he can reasonably expect to incur further such expenses in the future.

**NEGLIGENCE OF DEFENDANT NARDONE BROTHERS TRUCKING COMPANY**

10. Plaintiff alleges that all the negligence of Defendant Sabasino may be directly imputed to the Defendant, Nardone Brothers Trucking Company, through vicarious liability and agency issues for the employee's actions. Plaintiff charges Defendant, Nardone Brothers Trucking Company, with negligence since Defendant Sabasino was acting within the scope and course of his employment with Nardone Brothers Trucking Company. Plaintiff charges Defendant, Nardone Brothers Trucking Company, through vicarious liability with gross and reckless negligence in failing to keep and maintain a proper lookout; with gross and reckless negligence in failing to keep and maintain the vehicle under free and easy control; with gross and reckless negligence in operating the vehicle in a manner as to indicate a willful and wanton

disregard for the safety of others with gross and reckless negligence in losing control of the vehicle causing it to collide with the driver's side door of Plaintiff's vehicle; with negligence for using a cell phone and/or other handheld electronic device while operating a vehicle in a manner to be unsafe; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1201 for reckless driving; and with gross and reckless negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; negligence per se; with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff charges that as a direct and proximate result of the multiple acts of gross and reckless negligence of Defendant Sabasino acting as an agent of Defendant, Nardone Brothers Trucking Company, she was caused to suffer the aforesaid injuries and damages.

    11. Plaintiff alleges that all of the aforesaid negligence of Defendant Sabasino is directly imputed to the Defendant, Nardone Brothers Trucking Company, because the vehicle driven by Sabasino was owned by Nardone Brothers Trucking Company, for the purpose of Nardone Brothers Trucking Company's business and Sabasino was then, and at all times complained of, the agent, employee, and servant of the aforesaid Defendant, Nardone Brothers Trucking Company, and was acting in the furtherance of the business of the aforesaid Defendant, Nardone Brothers Trucking Company, and acting within the course and scope of his employment.

    12. Plaintiff further charges Defendant, Nardone Brothers Trucking Company, with these independent acts of negligence; negligent hiring, negligent training; negligently failing to supervise its employee and/or the driver; negligent retention of the driver; failing to provide driver safety training courses to its employee and/or the driver; failing to instruct its employee

and/or the driver on safe driving habits; failing to have a driver safety review board and training board; failing to follow its own safety standards and industry safety standards; failing to stress safe driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while attempting to operate a vehicle; failure to train the driver to maintain proper lookout, proper distance, proper speed, proper control; failure to train and prevent the driver from speeding; negligent maintenance; negligent repair; lack of proper equipment including mechanical issues and inadequate tires; bad brakes; not having an updated inspection on the vehicle; negligent entrustment; violation of its policies and procedures and company standards; negligence per se; with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff alleges the gross and reckless acts of negligence and general negligent acts of Defendant, Nardone Brothers Trucking Company, and Sabasino were the direct and proximate cause of his injuries.

### NEGLIGENCE OF DEFENDANT CARMEN J. SABASINO

13. Plaintiff charges Defendant Sabasino with gross and reckless negligence in failing to keep and maintain a proper lookout; with gross and reckless negligence in failing to keep and maintain his vehicle under free and easy control; with gross and reckless negligence in failing to maintain proper speed, with gross and reckless negligence in failing to maintain proper lookout, with gross and reckless negligence in operating his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with gross and reckless negligence in losing control of his vehicle causing it to collide with Plaintiff's vehicle; with gross and reckless negligence for failing to comply with the Federal Motor Carrier Safety Regulations and failing to comply with Mississippi Rules of the Road; with negligence for operating his tractor/trailer

without proper workable equipment, with using his cell phone and/or other handheld electronic devices while operating a vehicle; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1201 for reckless driving; and with gross and reckless negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff charges that as a direct and proximate result of the several acts of gross and reckless negligence of the Defendant, he was caused to suffer the aforesaid injuries and damages.

## NEGLIGENCE OF JOHN DOES 1-5

14. Plaintiffs adopt by reference the foregoing paragraphs as if fully set forth herein.

15. John Does 1-5 are entities, companies, or persons whose names and identities are unknown at this time to Plaintiff but who may have been working in conjunction or in a joint venture or as a partner with Defendants and may be responsible for the damages caused to the Plaintiff. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to Plaintiff for her injuries. Plaintiff will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

## DAMAGES

16. As a proximate result of the negligence of the above Defendants as alleged above, Plaintiff has suffered damages, including but not limited to past and future physical injuries, past and future pain, suffering and mental anguish, past and future medical bills and expenses, lost earnings, lost wages, the deductible lost from her property damage, diminished value and use of vehicle, travel expenses and other damages to be proven at trial. Plaintiff reasonably anticipates

future damages, proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical impairment, permanent disfigurement, future travel expenses, property damage property loss of use of the vehicle he was driving, and other damages.

17. **Plaintiff is not seeking any damages and will not accept any damages amount in excess of $75,000.00 and waives any claims that would give the Federal Court any venue over this case.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues and demands judgment of and from the Defendants, Nardone Brothers Trucking Company; Carmen J. Sabasino, Individually and John Does 1-5, and requests this Honorable Court award damages against the Defendants to the Plaintiffs for accrued and future medical expenses, past and future pain, suffering and mental anguish, past and future lost earnings, permanent physical impairment, permanent disfigurement, past and future travel expenses, and other damages both general and specific, in an amount to be determined by a jury, but to not exceed the amount of $75,000.00.

This the 19th day of May, 2021.

Respectfully Submitted,

ANGELICA LOVE

By: *J. A. Ogden*
J. ASHLEY OGDEN

7

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
ashleyogden@aol.com
OGDEN & ASSOCIATES, PLLC.
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEY FOR PLAINTIFF


DON H. EVANS ESQ. (MSB #5259)
aedevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
Facsimile: (601) 353-3316
ATTORNEY FOR THE PLAINTIFF

8